IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROSALBA ROBLEDO SALINAS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1691-L** |
| | § | |
| **WAL-MART STORES TEXAS, LLC**, | § | |
| and **WAL-MART STORES, INC.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed August 27, 2010.  No response and brief were filed to the motion.  After careful consideration of the motion, brief, record, and applicable law, the court **grants** Defendants' Motion to Dismiss.

## I.      Background

Rosalba Robledo Salinas ("Plaintiff" or "Salinas") originally filed this action against Wal-Mart Stores, Texas, LLC and Wal-Mart Stores, Inc. ("Defendants" or collectively, "Wal-Mart") in the County Court at Law Number 2, Dallas County, Texas, on July 12, 2010.  According to Plaintiff's Original Petition (the "Petition"), on July 7, 2008, Salinas slipped and fell on some clear liquid on the floor when she visited a Wal-Mart Supercenter Store located at 1521 North Cockrell Hill Road, Dallas, Texas.  She contends that the slip and fall caused her to suffer bodily injuries and damages, and that Defendants were negligent in a number of respects.  Pl.'s Original Pet. ¶¶ 8, 10-12, 14.  She seeks damages for her alleged injuries.  *Id.* ¶ 14.

On August 27, 2010, Defendants removed this action to federal court on the bases that complete diversity of citizenship existed between the parties and that the amount in controversy

exceeded $75,000, exclusive of interest and costs. Wal-Mart now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Wal-Mart contends that Plaintiff fails to state a claim upon which relief can be granted because she did not file her lawsuit within two years after the date of its accrual as required by the applicable statute of limitations.

## II. Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    Analysis

Plaintiff's action is one for personal injury, and a plaintiff must bring such a suit "not later than two years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West. Supp. 2009); *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). Normally, "a

cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d l, 4 (Tex. 1996) (citations omitted). In those cases in which "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable," Texas courts "apply a judicially-crafted exception to the general rule, known as the discovery rule." *Childs*, 974 S.W.2d at 36-37 (citation omitted). Under the discovery rule, the accrual of a cause of action does not commence until "a plaintiff knows or, through the exercise of reasonable care and diligence, should have known of the wrongful act and resulting injury." *Id.* at 37 (citations omitted). The discovery rule is not implicated in this case, as it is clear from the Petition that Plaintiff knew of the alleged wrongful act and resulting injury on July 7, 2008. The court therefore concludes that Salinas's cause of action accrued on July 7, 2008.

Salinas filed her lawsuit in state court on July 12, 2010. *Salinas should have filed her lawsuit on July 7, 2010*; however, she did not file it until five days after the time permitted under section 16.003(a). Accordingly, her lawsuit is barred by the two-year statute of limitations applicable to claims for personal injury.

As the court noted earlier, Plaintiff filed no response and brief to Defendants' Motion to Dismiss.[*] The court has nevertheless reviewed the Petition to determine whether any legal disability exists to toll the running of the statute. Nothing in the Petition even obliquely references a basis for tolling the statute of limitations because of a legal disability under section 16.001 of the Texas Civil Practice and Remedies Code (Vernon 2002). "A statute of limitations may support dismissal under

---

[*]Pursuant to the Local Civil Rules of the Northern District of Texas, "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." L R 7.1(e). As Defendants' Motion to Dismiss was filed on August 27, 2010, Plaintiff's response and brief were due on September 17, 2010.

Rule 12(b)(6) [when] it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). As nothing in the pleadings indicates that the statute of limitations should be tolled because of any legal disability set forth in section 16.001, dismissal of this action is proper under Rule 12(b)(6).

## IV. <u>Conclusion</u>

For the reasons stated herein, this action is barred because of Plaintiff's failure to file this action within two years after the date of its accrual. Plaintiff therefore fails to state a claim upon which relief can be granted, and the court **grants** Defendant's Motion to Dismiss and **dismisses** this action **with prejudice**. The court will issue judgment by separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 23rd day of September, 2010.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge