# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ROSALBA ROBLEDO SALINAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:10-CV-1691-L** |
| § | |
| WAL-MART STORES TEXAS, LLC § | |
| and WAL-MART STORES, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Plaintiff's Unopposed Motion to Vacate Judgment, filed October 21, 2010; (2) Plaintiff's Unopposed Motion to Remand, filed October 21, 2010; and (3) Plaintiff's Motion for Leave to Amend Motion to Vacate and Motion to Remand, filed November 8, 2010. The court held a hearing on these motions on December 15, 2010, and each party appeared through counsel. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Plaintiff's Unopposed Motion to Vacate Judgment, **denies** Plaintiff's Unopposed Motion to Remand, and **denies as moot** Plaintiff's Motion for Leave to Amend Motion to Vacate and Motion to Remand.

## I. Procedural History

Plaintiff Rosalba Robledo Salinas ("Plaintiff" or "Salinas") filed her Original Petition in County Court at Law No. 2, Dallas County, Texas, in July 2010.[1] Her claims arise from an alleged slip-and-fall accident at a Wal-Mark Supercenter Store on July 7, 2008. She brought claims for

---

[1]As discussed below, the legal date of Plaintiff's filing of the Original Petition is in dispute.

**Memorandum Opinion and Order - Page 1**

negligence against Defendants Wal-Mart Stores Texas, LLC, and Wal-Mart Stores, Inc. (collectively, "Defendants"). Defendants removed the case to this court on August 27, 2010, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1332.

Defendants moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argued that Plaintiff's claims were barred by the applicable two-year statute of limitations. Plaintiff did not respond to Defendants' motion, which the court granted on September 23, 2010. The court entered judgment in favor of Defendants on September 23, 2010.

## II. Analysis

On October 21, 2010, Plaintiffs filed two motions – a motion to vacate the September 23, 2010 judgment dismissing this action with prejudice and a motion to remand the case to state court. Although the certificates of conference state that Defendants did not oppose the motions, they are opposed, and Defendants filed responses to the motions on October 25, 2010.

Plaintiff moved pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to vacate the court's judgment in favor of Defendants. She argues that the judgment should be vacated because of newly-discovered evidence, proof that her Original Petition was timely filed. Plaintiff contends that pursuant to Rule 21a of the Texas Rules of Civil Procedure service by mail is complete upon deposit of a paper with the United States Postal Service and that Rule 5 applies to her Original Petition. She states that she filed her Original Petition by mail on July 7, 2010, and that it was received by the court on July 14, 2010. She argues that her Original Petition therefore was timely filed.

Plaintiff also moved to remand this civil action pursuant to 28 U.S.C. § 1447(c). She argues that Defendants' removal was untimely and that the amount in controversy is less than $75,000. She

contends that Defendants failed to remove the case within thirty days of receipt of her initial pleading. She further argues that Defendants have failed to present evidence that the amount in controversy exceeds $75,000. She asks the court to remand the suit to state court and award her court costs, expenses, and attorney's fees.

Defendants opposed these two motions filed by Plaintiff. They contend that she is simply trying to salvage the case after it had been dismissed. They argue that the court should first consider the motion to remand to determine if it had subject matter jurisdiction when it properly dismissed the case.

With respect to the motion to remand, Defendants argue that they properly removed the case from state court and that Plaintiff is not entitled to an award of attorney's fees or costs. They further argue that the court should only vacate its judgment if it finds that the amount of damages did not exceed $75,000 at the time of removal; Defendants contend, however, that Plaintiff's damages exceed $75,000 and therefore that the court should deny both the motion to vacate and the motion to remand.

After Defendants responded to these two motions, Plaintiff moved for leave to amend the two motions. In the motion for leave to amend, Plaintiff states that she withdraws any request for attorney's fees and her claim that Defendants untimely removed this action to federal court.

Defendants respond that amending the motions would not change the issue before the court, which is whether the amount in controversy exceeded $75,000, exclusive of costs and interest, at the time that the case was removed to this court. They argue that this court has jurisdiction and that dismissal was proper.

In light of the various motions filed, the court now considers Plaintiff's motions to remand and to vacate the September 23, 2010 judgment but does not consider Plaintiff's argument regarding the timeliness of removal or the request for attorney's fees. The court considers Plaintiff's Motion for Leave to Amend Motion to Vacate and Motion to Remand a notice of her intent to withdraw certain arguments and therefore **denies** this motion **as moot**. The court therefore turns to the two remaining motions. Because the motion to remand concerns whether the court has subject matter jurisdiction over this action, the court considers it first.

### A. Motion to Remand

#### 1. Legal Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a

plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### 2. Analysis

The only issue remaining in Plaintiff's motion to remand is whether the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Plaintiff argues that Defendants have failed to provide evidence to show that the amount in controversy exceeds $75,000. She further argues that the amount in controversy does not exceed $75,000, and in support she points to two exhibits, a stipulation signed by her counsel and her own affidavit. Both state that she is not seeking in excess of $75,000 in damages.

Defendants argue that it is facially apparent from the Original Petition that Plaintiff's damages exceed $75,000. She pleaded that she sustained injuries to her back, waist, right knee, and body. She sought damages for serious and permanent bodily injuries, severe physical pain and suffering, mental anguish, physical impairment, lost earnings, loss of earning capacity, scarring and disfigurement, and substantial medical expenses. She also made a claim for exemplary damages.

Defendants further argue that the evidence at the time of removal demonstrated that the amount in controversy could exceed $75,000. They note that Plaintiff's presuit demand was for $70,000, and that demand was made approximately a year and a half before she filed suit. Defendants also state that Plaintiff refused to stipulate that her damages were less than $75,000, until after they removed the case, and it was dismissed by the court. They contend that Plaintiff's post-removal stipulation regarding damages does not divest the court of jurisdiction.

In reply, Plaintiff argues that her counsel stipulated to an amount in controversy less than $75,000. She also argues that Defendants agreed to vacate the dismissal or to remand the case.

The court has carefully reviewed the parties' arguments and the evidence. The court determines that it is clear that it had subject matter jurisdiction over this action at the time of removal. Plaintiff alleged serious injuries in her Original Petition. She demanded $70,000 five months after the alleged incident, and she sought damages for past and future injuries in her Original Petition, filed approximately a year later. The Fifth Circuit has held in a similar case that it is "facially apparent" from a pleading that the damages exceeded $75,000, where a plaintiff alleged injuries to her right wrist, left knee and patella, and upper and lower back. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The plaintiff in *Gebbia* also sought several categories of damages, including medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *Id*. Moreover, Plaintiff refused to stipulate that the amount in controversy was less than $75,000 prior to removal, and the court can consider this fact. *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).

The court further determines that Plaintiff's post-removal stipulations do not divest the court of jurisdiction. The evidence demonstrates that Plaintiff never agreed to such a stipulation until after the case was removed and it was dismissed by the court. These stipulations do not change the court's finding that the amount in controversy exceeded $75,000, *at the time of removal*. *See St. Paul Reinsurance*, 134 F.3d at 1254, n.18 ("We have considered a post-removal *affidavit* when the jurisdictional amount was ambiguous on the face of the state petition. In doing so, however, we have explained that the affidavit helped clarify the jurisdictional facts *as of the time of removal*. We have nevertheless remained vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more.") (original emphasis). Moreover, subsequent post-removal amendments to reduce the amount of claimed damages do not divest a federal court of jurisdiction. *Allen*, 63 F.3d at 1336. The court finds that Plaintiff's post-removal stipulations are similar to the subsequent amendment in *Allen*. Because the court has determined that the amount in controversy was above the jurisdictional amount *at the time of removal*, the court determines that it has subject matter jurisdiction over this case. Accordingly, Plaintiff is not entitled to remand the case to state court, and the court will deny her motion to remand.

### B. Motion to Vacate

Next, the court considers Plaintiff's motion to vacate the September 23, 2010 judgment dismissing this action. Plaintiff moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and she contends that there is newly-discovered evidence, evidence that her Original Petition was timely filed. She argues that she timely filed her Original Petition pursuant to Rule 5 of the Texas Rules of Civil Procedure because she mailed her pleading on July 7, 2010, the last day

she could timely file pursuant to the relevant statute of limitations. With her motion, Plaintiff has filed an affidavit from her attorney.

Defendants respond that Plaintiff never raised the issue of new evidence when she conferred with them, that the court must strike a balance between the need to end litigation and the need to render a just decision on all the facts, and that the court should deny her motion to vacate. Defendants also argue that the court could not have considered this evidence when ruling on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

At the hearing, Plaintiff's counsel argued that she never received notice of Defendants' motion to dismiss because the court had an outdated e-mail address for her. Defendants conceded that, while they had incurred costs and attorney's fees in responding to these motions, they would not suffer any legal prejudice if the court granted Plaintiff's Rule 59 motion.

      **1.**     **Legal Standard**

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and

could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### 2. Analysis

The court has carefully considered the parties' arguments and the evidence submitted by Plaintiff. The court is concerned that Plaintiff had a valid defense to Defendants' motion to dismiss that was never raised by her counsel.

Rule 5 of the Texas Rules of Civil Procedure provides:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Plaintiff was allegedly injured on July 7, 2008. The statute of limitations for a personal injury claim under Texas law is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Plaintiff has submitted evidence that she mailed her Original Petition by certified mail on July 7, 2010, and the certified mail receipt was signed for on July 14, 2010.[2]

---

[2]The file stamp on her Original Petition shows that it was filed on July 12, 2010, at 2:31 p.m. There is no explanation for the discrepancy between the file date and the date on the certified mail receipt.

**Memorandum Opinion and Order - Page 10**

Texas and federal courts have held that Rule 5 applies to the filing of an original petition. *White v. Dietrich Indus., Inc.*, 554 F. Supp. 2d 684, 689 (E.D. Tex. 2006); *Milam v. Miller*, 891 S.W.2d 1, 2 (Tex. App. – Amarillo 1994, writ ref'd); *Danesh v. Houston Health Clubs, Inc.*, 859 S.W.2d 535 (Tex. App. – Houston [1st Dist.] 1993, writ ref'd).

Plaintiff raised this argument through counsel in her correspondence with counsel for Defendants on August 27, 2010. Defs.' App. (doc. 9) 11. Nonetheless, Plaintiff never responded to Defendants' motion to dismiss, filed on August 27, 2010. It is also clear from the evidence submitted with the two motions that despite Defendants' attempts to confer with counsel for Plaintiff and reach certain agreements (including the stipulation regarding damages only signed by Plaintiff after the case was removed and dismissed), Plaintiff's counsel often failed to return messages from Defendants' counsel.

Plaintiff had the evidence she submitted with her motion to vacate since July 2010. The court is concerned, however, that Plaintiff has a valid defense to the motion to dismiss that was not raised by her counsel. The court has now heard from Plaintiff's counsel, Ms. Kristina N. Kastl, who has explained that she never received notice of Defendants' motion to dismiss until after the court granted the motion and entered judgment against Salinas.

Plaintiff also points to factors set forth in *Hale* and contends that these weigh in favor of granting her motion. These factors, which considered a Rule 59(e) motion after a grant of summary judgment, are:

> (1) the reasons for the failure to file the evidence in a timely fashion; (2) the importance of the evidence to the moving party's case; (3) whether the evidence was available before the summary judgment decision was made; and (4) the likelihood that the non-moving party will suffer prejudice if the motion to alter is granted.

**Memorandum Opinion and Order - Page 11**

*Hale*, 45 F.3d at 921 (citations omitted).

The court has carefully considered the parties' arguments, the facts of this case, and the applicable law. Plaintiff has a defense to Defendants' statute of limitations argument, and her counsel has shown that she did not receive notice of the motion to dismiss. The lack of notice to Plaintiff was due to her counsel's failure to update her e-mail address with the court; this task was incumbent upon Plaintiff's counsel, and it is not Plaintiff's fault that she is in this situation. To allow her case to be dismissed due to this failure would be extremely prejudicial to her. Defendants concede that there is no legal prejudice to them if the court grants the motion, and the court agrees. After considering the four factors set forth in *Hale*, the court determines that three of them favor Plaintiff and that, in the exercise of its discretion, the motion should be granted.

C. **Attorney's Fees**

Defendants state that they have incurred costs and attorney's fees in responding to motions that were unnecessary. This court is aware of this fact. Plaintiff's counsel admitted filing the wrong version of the motion to remand with the court, which included arguments that were not subject to the parties' conference and agreement. Moreover, had Plaintiff's counsel initially taken the position that she now takes with respect to the amount in controversy, there would have been no need for Defendants to remove this action, much less file a response to the remand motion. Except for Ms. Kastl's action, Defendants would have not incurred these expenses in responding to the motion to remand.

Accordingly, the court determines that Ms. Kastl should pay reasonable attorney's fees to Defendants and **orders** her to pay $1,000 to Defendants for their costs and attorney's fees in responding to the motion to remand. The court realizes that this amount does not fully compensate

Defendants for their costs and fees; however, the court does not wish to be punitive in this regard. The court's purpose is to impress on counsel that she cannot cause unnecessary time to be expended and to deter this type of conduct in future litigation. The amount is to be paid is quite reasonable, *and it is to be paid by Ms. Kastl, not her client*.

### III. Conclusion

For the foregoing reasons, the court **grants** Plaintiff's Unopposed Motion to Vacate Judgment, **denies** Plaintiff's Unopposed Motion to Remand, and **denies as moot** Plaintiff's Motion for Leave to Amend Motion to Vacate and Motion to Remand. The court hereby **vacates** its September 23, 2010 memorandum opinion and order and judgment, and **denies** Defendants' Motion to Dismiss, filed August 27, 2010. The court **directs** the clerk to **reopen** this case. The court hereby **orders** Ms. Kristina N. Kastl to pay the amount of **$1,000** to Defendants for their costs and attorney's fees in responding to the motion to remand, *and this amount shall be paid no later than January 18, 2011*.

**It is so ordered** this 16th day of December, 2010.

Sam A. Lindsay
United States District Judge